IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL ASBESTOS )
WORKERS MEDICAL FUND )
7130 Columbia Gateway Drive, Suite A )
Columbia, MD  21046 )
)
                              **Plaintiff,**     )
)
                      v. )    **Civil Action No.:**
)
COMANCHE'S CONSTRUCTION, INC. )
1515 Chester Street )
Aurora, CO  80010 )
)
Serve:  Saul Ronquillo, Registered Agent )
          1515 Chester Street )
          Aurora, CO  80010 )
)
                               **Defendant.**     )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO COMPEL AN AUDIT)

## JURISDICTION

1.     This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## PARTIES

2. Plaintiff National Asbestos Workers Medical Fund (hereinafter "Plaintiff NAW Fund") is a multiemployer employee benefit plan as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3). Plaintiff Fund is established and maintained according to the provisions of the Restated Agreement and Declaration of Trust establishing the Plaintiff NAW Fund ("hereinafter "Trust Agreement") and the Collective Bargaining Agreement between Heat and Frost Insulators Local Union 28 and the Defendant. The Plaintiff NAW Fund is administered at 8000 Corporate Drive, Landover, Maryland 20785.

3. Defendant Comanche's Construction, Inc. (hereinafter "Comanche") is a corporation existing under the laws of the State of Colorado with offices located in Colorado. Defendant transacts business in the State of Colorado as a contractor or subcontractor in the insulation industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4. Defendant Comanche entered into a Collective Bargaining Agreement with Insulators Local 28 establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendant.

5. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff NAW Fund certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6. Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of January 2015 through the present.

7. Defendant is bound to the Trust Agreement.

8. Pursuant to the Collective Bargaining Agreement and the Trust Agreement, the Trustees of the Plaintiff NAW Fund has the authority to conduct an audit of the payroll and wage records of the Defendant Comanche for the purposes of determining the accuracy of contributions to the Fund.

9. The Plaintiff NAW Fund's auditor has attempted to conduct an audit of the Defendant's books and wage records by reviewing said records for the period of January 1, 2015 through December 31, 2015 and January 1, 2018 through the date of the audit.

10. Defendant has failed to cooperate with the Plaintiff NAW Fund's auditor to permit the audit of its books and wage records by reviewing said records for the period of January 1, 2015 through December 31, 2015 and January 1, 2018 through the date of the audit.

11. The Plaintiff NAW Fund's auditor requested these records to determine if any amounts are owed to the Plaintiff NAW Fund for the period of January 1, 2015 through December 31, 2015 and January 1, 2018 through the date of the audit and if so, the amounts that are owed.

12. Pursuant to the above-mentioned Collective Bargaining Agreement and Trust Agreement, Defendant is required to submit to the Plaintiff NAW Fund the records that were requested by the Plaintiff NAW Fund's auditor.

13. The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages and interest assessed on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, in Count I, Plaintiff NAW Fund prays judgment against the Defendant as follows:

A.   That this Court enforce the terms of the Plan and order Defendant to permit an audit of its wage and payroll records, as provided for in the Plan documents for the period of January 1, 2015 through December 31, 2015 and January 1, 2018 through the date of the audit.

B.   That Plaintiffs have Judgment against Defendant for the amount determined as owing by the audit requested in paragraph A, plus interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

C.   That Plaintiffs have Judgment against Defendant for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records, pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreement and the Guidelines.

D.   For such further relief as the Court may deem appropriate.

## COUNT II

14.   Plaintiff NAW Fund hereby adopts, incorporates, and restates in Count II paragraphs 4 through 13 of Count I.

15.   In 2018, the Plaintiff NAW Fund's auditor performed an audit of the Defendant Comanche's wage and payroll records covering the period of January 1, 2016 through December 31, 2017. Said audit revealed contributions due and owing to the Plaintiff Funds by the Defendant in the amount of $18,282.98.

16.   Defendant has failed to submit reports and pay contributions owed to the Plaintiff Fund for the months of February 2019 through May 2019. Pursuant to the terms of the Collective

Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Fund.

17. Pursuant to the Trust Agreement, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Plaintiff NAW Fund is authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

18. Using report forms submitted for the last three (3) months for which hours were reported, the projected delinquency for the months of February 2019 through May 2019 is $1,836.53 calculated as follows:

| **Month** | **Medical Reported** |
|---|---|
| November 2018 | $397.60 |
| December 2018 | $426.00 |
| January 2019 | $553.80 |
| **Monthly Average:** | $459.13 |

19. Defendant's contributions on behalf of its heat and frost insulator employees for the month of January 2019 were paid late. The specific amounts paid and the date in which the Defendant's contributions were received by the Plaintiff NAW Fund is set forth on the attached breakdown (Exhibit A).

20. Defendant's contributions to the Plaintiff NAW Medical Fund owed on behalf of its heat and frost insulator employees for the months of February 2019 through May 2019 are late and Defendant's contributions as revealed owed by the wage and payroll audit of the Defendant's records for the period of January 1, 2016 through January 31, 2017 are late.

21. The Trust Agreement establishing the Plaintiff NAW Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) interest at the rate of 1 1/2% per month; or (3) double interest as provided in the Act.

22. The Plaintiff Medical Fund assessed interest on late contributions for all work performed prior to January 1, 2019 pursuant to this provision, at the rate of 1 ½ % per annum. For all work performed as of January 1, 2019 and continuing, the Plaintiff Medical Fund assesses interest on late contributions pursuant to this provision at the rate of 8% per annum, plus liquidated damages in the amount of 20% of the amount due. Accordingly, the Defendant owes the Plaintiff Medical Fund liquidated damages in the amount of $478.07 and interest in the amount of $18,321.71 assessed on the late contributions as set forth in this Complaint and on Exhibit B. Interest will continue to accrue on the unpaid contributions through the date of payment at the rate of 8% per annum.

**WHEREFORE**, in Count II, Plaintiff NAW Fund prays for Judgment against the Defendant as follows:

A. In the amount of $40,935.85 for contributions as revealed owed by the audit of Defendant's wage and payroll records for the period of January 1, 2016 through December 31, 2017 pursuant to the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. § 1132(g).

B. In the amount of $1,836.53 in contributions due for work performed in February 2019 through May 2019, plus costs and reasonable attorneys' fees pursuant to the Trust Agreement and 29 U.S.C. § 1132(g).

C. In the amount of $478.07 in liquidated damages and $18,321.71 in interest assessed on the late contributions for the months of January 2019 through May 2019 and assessed on the late

contributions as revealed owed by the audit of the Defendant's wage and payroll records for the period of January 1, 2016 through December 31, 2017 pursuant to the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. § 1132(g).

D. For all contributions, liquidated damages and interest which become due subsequent to the filing of this action through the date of Judgment pursuant to the Collective Bargaining Agreement, Trust Agreement and 29 U.S.C. § 1132(g).

E. For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682
Attorneys for Plaintiff

329286_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 12th day of July, 2019 on the following:

    The Office of Division Counsel
    Associate Chief Counsel (TE/GE) CC: TEGE
    Room 4300
    1111 Constitution Avenue
    Washington, DC 20224
    Attention: Employee Plans

    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC 20210
    ATTENTION: Assistant Solicitor for
        Plan Benefits Security

                                              /s/
                                        Charles W. Gilligan

329286_1